1998 ND 95

Joseph D. MOCH, Personal Representative of the Estate of Joseph J. Moch, a/k/a J.J. Moch, deceased,Plaintiff and Appellee,

v.

Patrick D. MOCH, Lillian M. Moch, Defendants and Appellants,

and

United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, Defendant.

Civil Nos. 970396, 970397.

Supreme Court of North Dakota.

April 28, 1998.

Rehearing Denied May 20, 1998.

James R. Jungroth of Mackenzie & Reisnour, Jamestown, for plaintiff and appellee.

Albert A. Wolf of Wheeler Wolf, Bismarck, for defendants and appellants.

SANDSTROM, Justice.

[¶ 1] Patrick D. Moch and Lillian M. Moch appeal from two judgments entered after

remand denying their requests for interest on a hay debt and for reconsideration of the amount of hay credit to be applied to payments on two contracts for deed. We conclude the denial of interest was proper under the law of the case doctrine and the trial court did not abuse its discretion when it refused to reconsider the amount of the hay credit to be applied. We therefore affirm, but modify the judgments to the extent they award interest on the portion of the contract-for-deed payments that were offset by the hay credit.

### I

[¶ 2] This case involves two separate actions brought by Joseph D. Moch, personal representative of the estate of Joseph J. Moch, a.k.a. J.J. Moch, deceased (the Estate), against Patrick D. Moch and Lillian M. Moch to cancel and foreclose on two contracts for deed—one in Kidder County and one in Emmons County. In short, Patrick and Lillian Moch bought a large amount of farmland from J.J. Moch under the contracts for deed. The yearly payments on the land were $17,469.85 for twenty years. The Estate sued for foreclosure, alleging Patrick and Lillian Moch had defaulted on the payments. Patrick and Lillian Moch argued they were not in default, because they had not been given credit for over $90,000 worth of hay they had provided to J.J. Moch's cattle between 1972 and 1974. Patrick and Lillian Moch testified J.J. Moch had orally agreed in 1978 to reduce the annual contract-for-deed payments by $5,000 per year to cover the amount he owed them for the hay. The trial court found Patrick and Lillian Moch had provided $46,200 worth of hay and also found an oral agreement had been made to reduce the yearly contract-for-deed payments by $5,000 per year. The trial court dismissed the Estate's action against Patrick and Lillian Moch, and also dismissed counterclaims presented by Patrick and Lillian Moch. This Court affirmed in part, reversed in part, and remanded for further proceedings:

> "The judgments are affirmed insofar as they award Patrick and Lillian a hay credit of $46,200 at $5,000 per year against the payments due on the contracts for deed. The judgments are reversed to the extent

they twice credit the $90,280 down payment made by Patrick and Lillian. The matter is remanded for recalculation of the amounts paid and due and the interest, if any, due on overdue payments, and for exercise of the trial court's discretion to reinstate the contracts by allowing Patrick and Lillian to bring the contracts current, or by setting an equitable period of redemption."

*Moch v. Moch*, 1997 ND 69, ¶ 20, 562 N.W.2d 558.

[¶ 3] On remand, the trial court found:

"10.

"That the Defendants, Patrick D. Moch and Lillian M. Moch, have defaulted in the terms of the contract for deed which is the subject of this action in that they have not kept up the payments as agreed, but instead have made payments which are $89,510.63 less than the amount of payments which should have been made under both contracts, and that both contracts were treated as one and paid as one.

"11.

"That the final payment is due on each contract on the 1st day of December, 1997, and that the last actual payment made on said contracts was made on February 25, 1992, and it is determined at present that $89,510.63 is due, principal and interest on both contracts which were treated as one. The Emmons County contract was for $112,000.00, which is .3636 of the total amount. The Kidder County contract is for $196,000.00, which is .6363 of said contract. The total amount due under said contracts is $70,352.52 principal and $19,158.11 interest with a daily accrual of $8.76 from and after July 14, 1997. Of this, the principal due on the Emmons County contract is $25,582.19, and the interest due on the Emmons County contract is $6,967.80 with a daily accrual of $3.20 from and after July 14, 1997. The principal due on the Kidder County contract is $44,770.33, and interest of $12,190.31 with a daily accrual of $5.56 from and after July 14, 1997.

"12.

"That the Court finds that it is equitable to allow the buyers one year from the entry of judgment to pay this amount plus interest at five percent under· the terms of the contract to bring this matter current.

"13.

"That the oral agreement wherein hay credit was given was without an agreement for payment of interest and there is no credit given for interest on said hay."

[¶ 4] Patrick and Lillian Moch appeal from the November 5, 1997, Judgment of the Emmons County District Court and the November 6, 1997, Judgment of the Kidder County District Court. The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27-05-06. This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28-27-01.

II

[¶ 5] On appeal, Patrick and Lillian Moch raise two issues:

"Issue # 1—Whether the Trial Court was clearly erroneous in ruling that no credit for interest on the hay debt would be allowed by the Court ·because the oral agreement entered into between the defendants and the deceased, J.J. Moch, to take $5,000 from the hay bill and apply it on the land payment each year was given without an agreement for payment of interest.

"Issue # 2—Whether the Trial Court was clearly erroneous in not following this Court's remand for calculation of the amounts paid and due and the interest, if any, due on overdue payments as stated in this Court's Opinion of April 22, 1997, in refusing to exercise legal and equitable principles to correct its determination that the hay bill be credited against the contract for deed was actually $92,700, based on the sufficiency of the evidence to sup-. port that finding, determined by this Court, rather than the $46,350 previously found by the Court."

In short, Patrick and ·Lillian Moch want interest on the hay debt and want· a hay credit of $92,700, instead of $46,350.[1]

A

[¶ 6] The trial court previously found an oral agreement was made between the parties concerning the hay debt. On remand, the trial court found, in finding 13, "the oral agreement ... was without an agreement for payment of interest...."

[¶ 7] Patrick and Lillian Moch argue they are entitled to interest at the rate of six percent under either N.D.C.C. ch. 47-14, or under N.D.C.C. ch. 32-03. The Estate argues Patrick and Lillian Moch cannot now seek interest, having failed to cross-appeal from the 1996 judgment, the appeal of which was previously heard by this Court. The Estate argues collateral estoppel or res judicata bars Patrick and Lillian Moch from seeking interest on the hay debt in this action because: "(1) The issue of interest was decided in the previous adjudication. No interest was awarded. (2) The· previous judgment was a final judgment on the merits of the case. (3) The parties were identical. (4) The party against whom the plea is asserted was in court and tried the issue." The Estate also argues Patrick and Lillian Moch are impermissibly attempting to split a cause of action, and in any case the trial court's decision was not clearly erroneous.

[¶ 8] The Estate's theories are not determinative of this issue. Rather, this case is similar to *Tom Beuchler Constr. v. City of Williston*, 413 N.W.2d 336, 339 (N.D.1987), where the Court held the doctrine of law of the case precluded an issue not cross-appealed or argued at the first appeal from being raised on a second appeal after remand. In this case, interest was clearly an issue before the trial court prior to the first appeal. The prayers for relief in Patrick and Lillian Moch's answer and amended answer ask for a hay credit of "$92,370.00, plus 6% accrued interest since 1978...." During the trial, Patrick Moch testified about receiving interest on the hay debt and indicated there was

1. In previous documents it appears the suggested hay debt was $92,370, and the trial court's original memorandum decision found the amount to be $46,200. Patrick and Lillian Moch repeatedly use the figures of $92,700 and $46,350.

no agreement initially concerning interest, but that it was discussed later and he believed five percent should be charged because it was what his father was charging him on the contract for deed. The trial court also received post-trial briefs in which Patrick and Lillian Moch stated, "Should the Court decide that a 5% interest was agreed to or is equitable on the $92,760.00 owed by J.J., the contracts for deed should be considered paid in full." The trial court did not, however, award interest on the hay debt, and Patrick and Lillian Moch did not cross-appeal or urge this Court to affirm because interest was owed on the hay debt. *See Tom Beuchler Constr.* at 339. We therefore do not address Patrick and Lillian Moch's interest claim on this appeal.

### B

■ [¶ 9] Patrick and Lillian Moch also argue this Court's first opinion left the option open for the trial court "to exercise discretion" and apply "the principles of equity" to change its previous finding about the amount of the hay credit, because this Court, in its opinion, found sufficient evidence to support a hay credit of $92,700. Patrick and Lillian Moch cite to *Shervold v. Schmidt*, 359 N.W.2d 361, 363 (N.D.1984), to discuss a trial court's use of its equitable powers, and correctly note *Shervold* stands for the proposition this Court will not reverse a decision founded upon equitable principles absent an abuse of discretion based upon arbitrary, unreasonable, or unconscionable acts. *Shervold* does not, however, mandate the type of relief sought by Patrick and Lillian Moch after this Court's remand, and we fail to see how the trial court's refusal after remand to adjust the amount of the hay credit was arbitrary, unreasonable, or unconscionable. This Court has previously explained, "When the mandate of the appellate court makes clear the defects which need to be cured by the district court, the district court need do no more than rectify those defects and proceed in a manner consistent with the appellate opinion." *Minnkota Power Coop., Inc. v. Lake Shure Properties*, 295 N.W.2d 122, 125 (N.D.

1980). Our prior holding in this case directed remand:

> "for recalculation of the amounts paid and due and the interest, if any, due on overdue payments, and for exercise of the trial court's discretion to reinstate the contracts by allowing Patrick and Lillian to bring the contracts current, or by setting an equitable period of redemption."

*Moch v. Moch*, 1997 ND 69, ¶ 20, 562 N.W.2d 558. The trial court's order after remand addressed each of these. We therefore conclude the trial court's refusal to adjust the amount of hay credit after remand was not an abuse of discretion.

### C

■ [¶ 10] During oral argument, counsel for the Estate acknowledged interest at the rate of five percent had been charged on the total amount of principal which remained after the down payment. The trial court's October 24, 1997, amended findings of fact, conclusions of law, and order for judgment concluded $89,510.63 was due and owing on the contracts for deed as of July 14, 1997,[2] with a daily interest accrual of $8.76 thereafter. The trial court's September 15, 1997, order for judgment explains how it reached the $89,510.63 amount. The trial court explained the purchase price of the parcels was $308,000, minus a down payment of $90,280, leaving a balance of $217,720. From the contracts for deed, the trial court noted the amortization of the balance at five percent would require total payments of $349,397, based upon twenty payments of $17,469.85. From $349,397 the trial court then subtracted the total amount of the payments it found had actually been made by Patrick and Lillian Moch on the contracts for deed ($213,686.37) and the amount of the hay credit it allowed ($46,200) to reach the $89,510.63 balance.

[¶ 11] We conclude the trial court's computation is clearly erroneous. The trial court seems to have ignored the fact the hay credit was to be given in the amount of $5,000 per

---

**2.** Of this amount, the trial court found the principal balance owing was $70,352.52 as of February 25, 1992, with accrued interest of $19,158.11 for the period between February 25, 1992, and July 14, 1997.

year, not in one lump sum. *See Moch v. Moch*, 1997 ND 69, ¶ 20, 562 N.W.2d 558 ("The judgments are affirmed insofar as they award Patrick and Lillian a hay credit of $46,200 at $5,000 per year against the payments due on the contracts for deed.").

[¶ 12] Our review of the record disclosed an affidavit of Gregory W. Tschider, Jr., a certified public accountant who, on behalf of the Estate, calculated the amount owing on the contracts for deed. We believe this affidavit and the attached calculations provide the more correct principal balance owing, because they include the $5,000 hay credits for the years 1978 to 1986, and a $1,200 hay credit for 1987. The yearly hay credits were not properly subject to the five-percent interest charged under the contracts for deed. Tschider's affidavit finds $63,956.84 owing on the contracts for deed as of February 25, 1992. Because the amount of the yearly hay credits should not be subject to the five-percent interest accrual, we conclude the judgments should be modified accordingly.

### III

[¶ 13] The judgments are modified to reflect a principal balance owing of $63,956.84 as of February 25, 1992, and interest at five percent from that date,[3] and are affirmed as modified.

[¶ 14] VANDE WALLE, C.J., and NEUMANN, MARING and MESCHKE, JJ., concur.

---

**3.** The Tschider affidavit calculated the accrued interest between February 25, 1992, and July 14, 1997, to be $17,345.89. Because we are unsure how this figure was reached, we have determined the daily accrual from February 25, 1992, forward is $8.76. This is the same daily accrual amount the Tschider affidavit and the trial court used beginning July 14, 1997. Using the trial court's computed balance owing of $70,352.52, we are unsure how it also reached a daily accrual of $8.76.