2012 ND 231

**Bradley Dean JORDET, Plaintiff and Appellant,**

and

**Jonathan T. Garaas, Interested Party and Appellant,**

v.

**Tracy Lyndal JORDET, Defendant and Appellee.**

No. 20120185.

Supreme Court of North Dakota.

Nov. 5, 2012.

Jonathan T. Garaas, DeMores Office Park, Fargo, N.D., for plaintiff, interested party, and appellants.

Tressie C. Brazil, Fargo, N.D., for defendant and appellee.

GERALD W. VANDE WALLE, Chief Justice.

[¶ 1] Bradley Dean Jordet and his attorney, Jonathan T. Garaas, appealed from orders denying Bradley Jordet's motion to allow him to setoff his spousal support arrearages against Tracy Lyndal Jordet's child support arrearages, and holding Garaas in contempt and fining him $1,000 for intentional disobedience of the district court's earlier order. We conclude the court did not abuse its discretion in denying the motion for a setoff, but did abuse its discretion in holding Garaas in contempt. We affirm in part and reverse in part.

I

[¶ 2] Bradley and Tracy Jordet were divorced in 2010. Bradley Jordet was awarded primary residential responsibility for the couple's two children and Tracy Jordet was ordered to pay child support of $864 per month, which was later reduced to $590 per month upon the oldest child's emancipation. Bradley Jordet was ordered to pay Tracy Jordet rehabilitative spousal support of $2,000 per month for 36 months, then reduced to $1,500 per month until she reaches age 65, dies, or remarries. Both parties fell into arrears on their respective financial obligations to each other.

[¶ 3] In December 2011, Bradley Jordet moved for entry of a money judgment under N.D.C.C. § 14–08.1–05 against Tracy Jordet for $9,071.78 in past due child support. He simultaneously moved for a setoff of $7,715.49 he owed Tracy Jordet for past due spousal support against her child support arrearages. Tracy Jordet responded in January 2012 by obtaining a money judgment against Bradley Jordet for $7,715.49 for spousal support arrearages and opposed his motion for a setoff. The district court adopted the order of the judicial referee denying Bradley Jordet's motion, reasoning:

> The Court concludes that the relief Bradley requests would be contrary to the provisions of N.D. Cent. Code 14–09–09.33. Also persuasive is *Corbett v. Corbett*, 2002 ND 103, 646 N.W.2d 677, wherein the Court stated that it was inappropriate to offset the child support obligation with a spousal support obligation.

[¶ 4] On February 16, 2012, Bradley Jordet obtained an execution of judgment from the district court against Tracy Jordet directing the Cass County Sheriff to satisfy the $9,071.78 judgment for unpaid child support "out of the personal property of the judgment debtor within your County." On February 17 and 21, 2012, the sheriff levied on two of Tracy Jordet's bank accounts and obtained $450.99 and $339.70, respectively. On March 26, 2012, Bradley Jordet, accompanied by Garaas and a Cass County deputy sheriff, went to

the office of Tracy Jordet's attorney. Bradley Jordet handed a personal check, made payable to Tracy Jordet's attorney for $7,825.89 and marked "Back Spousal Support," to an office assistant. According to Tracy Jordet's attorney, the sheriff, at Garaas's direction, then delivered a notice of levy to the office assistant and took possession of the check. The notice of levy stated that claims for exemptions from process must be made within 10 days. Tracy Jordet did not claim any exemptions.

[¶ 5] On March 26, 2012, Tracy Jordet filed an objection to the notice of levy and sought an emergency hearing. Tracy Jordet requested that Garaas be held in contempt "for attempting to circumvent" the district court's earlier order denying Bradley Jordet's motion to allow a setoff and sought an award of attorney fees for having to respond to the notice of levy. Garaas denied attempting to circumvent the court's order. Following a March 30, 2012, hearing, the court ruled:

> 1. Attorney Jonathan T. Garaas is hereby held in Contempt of Court pursuant to NDCC § ... 27–10–01.1(1)(c) for intentional disobedience of a Court Order. Jonathan T. Garaas is ordered to pay a $1,000 fine to the District Court for being held in Contempt of Court.

> 2. Attorney Jonathan T. Garaas may purge the contempt by turning over the $7,825.89 check made payable to [Tracy Jordet's attorney] dated March 26, 2012 which was levied upon on March 26, 2012.

[¶ 6] The Cass County deputy sheriff subsequently submitted an execution return showing, after payment of fees, he had collected $8,290.30, and a partial satisfaction of Bradley Jordet's child support judgment against Tracy Jordet in that amount was filed with the district court.

## II

[¶ 7] Bradley Jordet argues the district court erred in denying his motion for an equitable offset of the parties' mutual obligations.

[¶ 8] We discussed the doctrine of offset, also referred to as setoff, in *Dakota Partners, L.L.P. v. Glopak, Inc.,* 2001 ND 168, ¶ 21, 634 N.W.2d 520:

> "Offset" is defined as "something (such as an amount or claim) that balances or compensates for something else." *Black's Law Dictionary* 1115 (7th ed. 1999). "Offset" is synonymous with "setoff." *Id.; A Dictionary of Modern Legal Usage* 616 (2d ed. 1995); 67 C.J.S. *Offset* (1978). "Setoff" is defined as "a defendant's counterdemand against the plaintiff, arising out of a transaction independent of the plaintiff's claim" or "a debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor; the counterbalancing sum owed by the creditor." *Black's* at 1376; *see also Modern Legal Usage* at 797. The doctrine of setoff is "an equitable doctrine requiring that the demands of mutually indebted parties be set off against each other and that only the balance be recovered." 20 Am. Jur. 2d *Counterclaim, Recoupment, Etc.* § 6 (1995). *See also* 80 C.J.S. *Set-off & Counterclaim,* § 3 (2000) (setoff "allows parties that owe mutual debts to each other to assert amounts owed, subtract one from the other, and pay only the balance"). In a bankruptcy proceeding, setoff allows "entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *In re Alvstad,* 223 B.R. 733, 740 (Bankr.N.D.[Bankr.D.N:D.]1998) (internal citations omitted).

*See also* N.D.C.C. § 28–20–33 ("Mutual final judgments may be set off pro tanto, the one against the other, by the court, upon proper application and notice."). "Setoff requires mutuality of the parties, such that 'debts and credits are mutual when they are due to and from same person in same capacity.'" *Collection Ctr., Inc. v. Bydal,* 2011 ND 63, ¶ 44, 795 N.W.2d 667 (internal citation omitted). The equitable remedy of setoff "will be exercised to promote substantial justice and rests largely in the sound discretion of the court." *Marmarth Sch. Dist. No. 12 v. Hall,* 65 N.D. 509, 516, 260 N.W. 411, 414 (1935). We "will not reverse a decision founded upon equitable principles absent an abuse of discretion based upon arbitrary, unreasonable, or unconscionable acts." *Moch v. Moch,* 1998 ND 95, ¶ 9, 578 N.W.2d 129.

[¶ 9] The district court ruled that allowing Bradley Jordet's proposed offset would be "contrary" to N.D.C.C. § 14–09–09.33 and this Court's decision in *Corbett v. Corbett,* 2002 ND 103, 646 N.W.2d 677. Section 14–09–09.33 provides:

1. Notwithstanding section 14–09–09.31, a court may order that a specific amount of past-due child support owed by an obligor to an obligee be offset by an equal amount of past-due child support owed to the obligor by the obligee. An order for an offset is permitted under this subsection only if:

   a. The proposed offset is limited to past-due child support and does not apply to child support owed in the current month or owed in any future month;

   b. The proposed offset does not include any past-due child support that has been assigned;

   c. Neither party whose past-due child support obligation will be reduced or eliminated by the proposed offset owes past-due child support to another obligee; and

   d. The opportunity to offset past-due child support under this section has not been used by either party as an incentive to avoid paying child support in the month in which it is due.

2. The order must include a specific finding that the proposed offset serves the best interests of the children to whom the obligor and obligee owe a duty of support.

3. The child support agency may issue an order offsetting past-due child support if neither party objects after being notified of the proposed offset.

4. Past-due child support owed by an obligor to an obligee may not be offset by past-due child support owed to the obligor by the obligee except as permitted in this section.

5. Notwithstanding anything to the contrary in section 14–09–09.24 or 14–09–09.30, an obligor's child support obligation for the current month or for a future month may not be offset by past-due child support or other debts owed to the obligor by an obligee unless the court orders the offset as a method of satisfying an overpayment of child support that results from the establishment or reduction of a child support obligation.

6. An offset of child support under this section is considered a payment of child support by both the obligor and the obligee. A copy of the order for an offset must be provided to the state disbursement unit.

7. As used in this section, "child support" does not include spousal support.

*See also* N.D. Admin. Code §§ 75–02–04.1–03 and 75–02–04.1–08.2. This statute "generally prohibits an offset of current or future child support against past-due [child] support." *Walberg v. Walberg*, 2008 ND 92, ¶ 15, 748 N.W.2d 702.

[¶ 10] Section 14–09–09.33, N.D.C.C., does not apply to the situation in this case. By its very terms, N.D.C.C. § 14–09–09.33(1) applies to circumstances where "a specific amount of past-due child support owed by an obligor to an obligee" is sought to "be offset by an equal amount of past-due child support owed to the obligor by the obligee." Bradley Jordet owed Tracy Jordet past-due spousal support, not past-due child support. The statute specifically provides that " 'child support' does not include spousal support." N.D.C.C. § 14–09–09.33(7). Subsection 7 of N.D.C.C. § 14–09–09.33 "limits the regulation of offsets in [the statute] to child support only and not to combined payments of spousal support and child support." *Hearing on S.B. 2160 Before the Senate Human Services Comm.*, 58th N.D. Legis. Sess. (Jan. 20, 2003) (written testimony of Barbara Siegel, Child Support Enforcement Division of Department of Human Services).

[¶ 11] The district court also determined Bradley Jordet's request for an offset runs afoul of this Court's decision in *Corbett*, 2002 ND 103, ¶ 5, 646 N.W.2d 677 ("*Corbett II* "). The part of the *Corbett II* decision relied upon by the court merely restated the holding in *Corbett v. Corbett*, 2001 ND 113, 628 N.W.2d 312 ("*Corbett I* "). In *Corbett I*, at ¶ 22, the court awarded the mother an amount of monthly spousal support that was intended to "offset" her monthly child support obligation to the father. This Court held the "offset" was inappropriate:

> In calculating an obligor's child support obligation, the child support guidelines require the obligor's gross income in-
> clude spousal support received from a child support obligee. *See* N.D. Admin. Code § 75–02–04.1–01(5)(b) (stating examples of gross income include spousal support payments received). If a noncustodial parent is entitled to spousal support, the child support guidelines necessarily contemplate that trial courts decide the spousal support issue before deciding the spousal support recipient's child support obligation. When the child support guidelines are considered in the context of a spousal support award, an award of spousal support calculated primarily to offset and negate a child support obligation is inappropriate. Here, the trial court's decision indicates the spousal support award was primarily to offset child support.

*Id.; see also Johnson v. Johnson*, 2002 ND 151, ¶ 12, 652 N.W.2d 315. *Corbett I* is inapposite here because the "offset" involved in that case resulted in a miscalculation of child support under the child support guidelines. The case did not address offsetting debts of spousal support arrearages against child support arrearages.

■ [¶ 12] Our conclusion that N.D.C.C. § 14–09–09.33 and *Corbett I* did not prohibit the district court from granting Bradley Jordet's request for an offset does not end the inquiry. We do not set aside a correct result merely because the district court's reasoning is incorrect if the result is the same under the correct law and reasoning. *Investors Title Ins. Co. v. Herzig*, 2010 ND 169, ¶ 40, 788 N.W.2d 312. Bradley Jordet still carries the burden of establishing that the court abused its discretion in disallowing his request for an equitable offset. *See, e.g., Estate of Fisk*, 2010 ND 186, ¶ 6, 788 N.W.2d 611.

■ [¶ 13] We have not found a case that is on all fours with this case involving attempts by one spouse to offset a debt for spousal support arrearages against the

other spouse's debt for child support arrearages. In the context of ongoing reciprocal payments for spousal support and child support, some courts have said "it is inappropriate to offset a spousal support award with child support." *Matter of Marriage of Pagano,* 147 Or.App. 357, 935 P.2d 1246, 1251 (1997). Other courts have said "spousal-support and child-support awards may be offset against one another." *Schumann v. Schumann,* 190 Ohio App.3d 824, 944 N.E.2d 705, 713–14 (2010). Courts have also reached divergent results when considering whether other debts owed by a spouse may be offset against spousal or child support arrearages. *See* C. Catalano, *Spouse's right to set off debt owed by other spouse against accrued spousal or child support payments,* 11 A.L.R.5th 259 (1993), and cases collected therein. "It can be generally said that the determination of whether an offset should be allowed against accumulated support depends upon the facts and circumstances in each case, the courts of many jurisdictions balancing certain general principles against the particular factors that might lead to an injustice for the spouse obligated to pay support if the offset were denied." *Id.* at § 2, p. 279.

[¶ 14] Under the circumstances, and considering the lack of any clear precedent on the issue, the district court did not act arbitrarily, unreasonably or unconscionably. We therefore conclude the court did not abuse its discretion in denying Bradley Jordet's motion for an equitable offset.

## III

[¶ 15] Garaas raises numerous arguments in support of his assertion that the district court erred in holding him in contempt and fining him $1,000. The dispositive issue is whether the court abused its discretion in finding Garaas in contempt of court for using the execution and levy provisions of state law to attempt to collect Bradley Jordet's judgment for Tracy Jordet's child support arrearages.

[¶ 16] In *Sall v. Sall,* 2011 ND 202, ¶ 7, 804 N.W.2d 378, we said:

A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly and satisfactorily prove the alleged contempt was committed. *Berg v. Berg,* 2000 ND 37, ¶ 10, 606 N.W.2d 903; *Flattum–Riemers v. Flattum–Riemers,* 1999 ND 146, ¶ 5, 598 N.W.2d 499. "Under N.D.C.C. § 27–10–01.1(1)(c), '[c]ontempt of court' includes '[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer.' " *Harger v. Harger,* 2002 ND 76, ¶ 14, 644 N.W.2d 182. "To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." *Harger,* at ¶ 14; *see also Berg,* at ¶ 10; N.D.C.C. § 27–10–01.1(4).... Determining whether a contempt has been committed lies within the district court's sound discretion, which will not be overturned on appeal absent an abuse of that discretion. *Millang v. Hahn,* 1998 ND 152, ¶ 7, 582 N.W.2d 665. "[A] court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law." *Id.*

(quoting *Prchal v. Prchal,* 2011 ND 62, ¶ 5, 795 N.W.2d 693).

[¶ 17] The district court ruled Garaas intentionally violated the order disallowing an offset when he allegedly instructed the deputy sheriff to levy on Bradley Jordet's check for spousal support arrearages in the office of Tracy Jordet's attorney. The court agreed with Tracy Jordet that Garaas's actions were an "attempt[ ] to circumvent" the court's order.

[¶ 18] A child support obligee has several nonexclusive remedies available to enforce a child support order. *See Johnson v. Johnson,* 527 N.W.2d 663, 668 (N.D.1995); *Fuson v. Schaible,* 494 N.W.2d 593, 596 (N.D.1992). Execution and levy is one remedy. Under N.D.C.C. § 14–08.1–05, unpaid child support payments become a judgment as a matter of law which can be docketed as a judgment for enforcement and execution against the obligor. *See Darling v. Gosselin,* 1999 ND 8, ¶ 7, 589 N.W.2d 192; *Mahoney v. Mahoney,* 538 N.W.2d 189, 196 (N.D.1995). Generally, a person who has been denied one remedy by a court is not prohibited from pursuing other available remedies. *Compare Riverwood Commercial Park, L.L.C. v. Standard Oil Co.,* 2007 ND 36, ¶¶ 3, 27, 729 N.W.2d 101 (landowner, whose summary eviction action against defendant was dismissed by the court, was not barred by res judicata, collateral estoppel, or law of the case from suing defendant for slander of title, right to quiet title, interference with prospective advantage, fraud, and nuisance).

[¶ 19] Although the actions of Bradley Jordet, Garaas, and the deputy sheriff at the law office may have been somewhat theatrical, Tracy Jordet has not alleged that any of the provisions of N.D.C.C. ch. 28–21 governing execution and levy were violated by their actions. *See* N.D.C.C. § 28–21–08 (describing manner of levying upon different types of property). Tracy Jordet's argument that levying on Bradley Jordet's check for spousal support arrearages was an attempt to "circumvent" the court's earlier order, if carried to its logical conclusion, would prevent Bradley Jordet from levying upon any of Tracy Jordet's property that was traceable to the proceeds of the check. The court's order denying the offset would have the effect of elevating Tracy Jordet's

spousal support proceeds to the status of an absolute exemption under N.D.C.C. § 28–22–02. Although N.D.C.C. § 28–22–03.1(8)(d) allows a debtor a waivable right to claim an exemption for "[a]limony, support, or separate maintenance ... to the extent reasonably necessary for the support of the debtor," *see Mees v. Ereth,* 492 N.W.2d 72, 74 (N.D.1992), spousal support is not listed as an absolute exemption under N.D.C.C. § 28–22–02. *Compare* N.D.C.C. § 14–09–09.31 ("A child support obligation owed to an obligee who is a judgment debtor may not be subject to execution, garnishment, attachment, or other process except to satisfy that child support obligation."). In cases involving execution on child support judgments, "the obligor is entitled only to the exemptions from process set forth in section 28–22–02." N.D.C.C. § 14–08.1–05(3). The import of Tracy Jordet's argument is contrary to law.

[¶ 20] The district court's first order merely denied Bradley Jordet's request for an equitable offset of the parties' mutual obligations. The order did not declare that Bradley Jordet was prohibited from using any other available remedies to enforce Tracy Jordet's child support obligation. Having failed to obtain an equitable offset, Bradley Jordet chose to use the alternate available remedy of execution and levy. These circumstances simply do not amount to "intentional disobedience of a Court Order."

[¶ 21] We conclude the district court abused its discretion in holding Garaas in contempt and fining him $1,000.

## IV

[¶ 22] We do not address other arguments raised because they either are unnecessary to the decision or are without merit. We affirm the order denying the motion for a setoff and reverse the order

holding Garaas in contempt. We deny Tracy Jordet's request for costs and attorney fees for a frivolous appeal under N.D.R.App.P. 38.

[¶ 23] DANIEL J. CROTHERS, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ., concur.

MARING, Justice, dissenting.

[¶ 24] I, respectfully, dissent. I would reverse the trial court's order denying Bradley Jordet's motion to allow for an offset, and I would affirm the trial court's order holding Attorney Jonathan T. Garaas in contempt of court.

I

[¶ 25] The majority opinion, at ¶¶ 10–11, concludes that the trial court incorrectly applied N.D.C.C. § 14–09–09.33 and *Corbett v. Corbett*, 2002 ND 103, 646 N.W.2d 677. I agree. Nevertheless, the majority, at ¶ 12, affirms the trial court's order denying Bradley Jordet's motion to allow an equitable offset on the grounds that, although the trial court's reason for denying the offset is incorrect under N.D.C.C. § 14–09–09.33 and *Corbett*, the result was not an abuse of discretion.

[¶ 26] A trial court abuses its discretion when it acts arbitrarily, capriciously, unconscionably, or it misapplies or misinterprets the law. *Marchus v. Marchus*, 2006 ND 81, ¶ 6, 712 N.W.2d 636. I agree with the majority, at ¶¶ 10–11, that the trial court misapplied N.D.C.C. § 14–09–09.33 and *Corbett;* however, unlike the majority, I am of the opinion that this misapplication of the law establishes that the trial court abused its discretion. I also am of the opinion that the trial court's failure to allow an offset of mutual money judgments is an abuse of discretion in light of N.D.C.C. § 28–20–33.

[¶ 27] Under N.D.C.C. § 14–08.1–05(1)(a), any child support payment that is due and unpaid becomes a judgment by operation of law and has the "full force, effect, and attributes of a judgment of the district court." Furthermore, mutual, final money judgments may be offset to the extent the lesser amount is extinguished. N.D.C.C. § 28–20–33.

[¶ 28] Here, both parties fell into arrears on their respective financial obligations to each other and subsequent money judgments were entered. On November 9, 2011, a money judgment for past-due spousal support was entered against Bradley Jordet, and, under N.D.C.C. § 14–08.1–05(1)(a), Tracey Jordet's past-due child support payments became a money judgment by operation of law. I believe N.D.C.C. § 28–20–33, which permits mutual final judgments to be set off pro tanto, is applicable and becomes controlling under these facts. Both parties have full and concurrent rights against each other, which satisfies the mutuality requirement. Therefore, a mutual offset of money judgments should be allowed in this case.

[¶ 29] As the majority, at ¶ 12, points out, it is well-established that this Court will not set aside a correct result founded on incorrect reasoning if the result is the same under the correct law and reasoning. *See Investors Title Ins. Co. v. Herzig*, 2010 ND 169, ¶ 40, 788 N.W.2d 312. The majority recognizes that case law is divergent on the issue of offsetting child support awards and there is not a "case on all fours." Majority, at ¶ 13.

[¶ 30] I am of the opinion, there is no legal or factual basis for denying Bradley Jordet's request for an equitable offset based on the mutual judgments held by the parties at the time the court heard the matter and N.D.C.C. § 28–20–33. "The purpose of set off is to speedily and effec-

tively satisfy judgments, to avoid the unnecessary expense of issuing and levying executions in favor of the respective parties, and to avoid a multiplicity of suits or a circuity of actions." 47 Am. Jur. 2d *Judgments* § 829 (2012). In this case, to force the use of a levy and execution thwarts the very purpose of our statute. Further, these judgments were both for past-due support—one for spousal support and the other for child support. The obligor for the child support would need the spousal support to pay the child support. Because of this relationship, it is only reasonable to allow the offset. The trial court abused its discretion by misapplying N.D.C.C. § 14-09-09.33 and *Johnson,* 2002 ND 151, 652 N.W.2d 315 and denying Bradley Jordet's request for an equitable offset under the facts of this case. I would reverse the trial court's order denying Bradley Jordet's motion to allow an equitable offset.

## II

[¶ 31] Any "intentional disobedience, resistance, or obstruction of the authority, process, or order of a court" is contemptuous. N.D.C.C. § 27–10–01.1(c). We have said a court order remains in force until it is reversed, modified, or set aside on appeal, and a party's failure to obey such an order is punishable as contempt of court, *even if erroneous. Holkesvig v. Welte,* 2012 ND 14, ¶ 6, 809 N.W.2d 323 (citing *Flattum–Riemers v. Flattum–Riemers,* 1999 ND 146, ¶ 11, 598 N.W.2d 499). Therefore, any willful, intentional, and inexcusable disobedience of a court order is contempt, absent a showing the order is "transparently invalid or frivolous." *Holkesvig,* 2012 ND 14, ¶¶ 6, 9, 809 N.W.2d 323; *see also State v. Sevigny,* 2006 ND 211, ¶ 37, 722 N.W.2d 515 (holding the order "must be obeyed until stayed or reversed by orderly review"); *State v. Zahn,* 1997 ND 65, ¶ 14, 562 N.W.2d 737 (holding the same).

[¶ 32] "The essence of contempt requires conduct that obstructs or tends to obstruct the administration of justice." 17 Am. Jur. 2d *Contempt* § 22 (Supp.2012). When a person acts with "a deliberate purpose or calculation to corrupt the administration of justice" a contemptuous act has been completed. *Id.* However,

> an attorney acting in the proper exercise of a legal right is not guilty of contempt. Indeed, the use of contempt to punish lawyers for advocacy that is only overly zealous contradicts the principle of an independent and assertive bar.... However, good-faith, vigorous advocacy cannot immunize all conduct undertaken by an attorney in [sic] behalf of a client, and the latitude given attorneys as vigorous advocates does not extend to deceiving or manipulating the court.

17 C.J.S. *Contempt* § 17.

[¶ 33] Here, the trial court's order explicitly stated Bradley Jordet could not offset his unpaid spousal support with Tracey Jordet's unpaid child support. Bradley Jordet and Garaas's conduct undermined the purpose and spirit of the trial court's order, which held it was contrary to statute and inapplicable under case law. Their actions were a direct attempt to circumvent the trial court's order and went beyond good-faith, advocacy. Proper advocacy of that point would have been to appeal the trial court's order denying the equitable offset.

[¶ 34] The trial court's decision should be given great deference and should not be reversed absent a showing of an abuse of discretion. If the trial court's decision "is the product of a rational mental process in which the facts and law are stated and are considered together for the purpose of achieving a reasoned and reasonable determination[,]" we will not reverse. *Gissel v. Kenmare Township,* 512 N.W.2d 470, 473

(N.D.1994). The trial court found an intentional disobedience of the court's order. I am of the opinion that the order for contempt is a product of a reasoned conclusion that Garaas acted with a deliberate purpose to circumvent the trial court's order. Therefore, I would affirm the trial court's order holding Garaas in contempt of court.

[¶ 35] I would reverse in part, and affirm in part.

[¶ 36] MARY MUEHLEN MARING