2000 ND 37

**Weston L. BERG, Plaintiff and Appellant,**

v.

**Brenda M. BERG, Defendant and Appellee.**

**No. 990251.**

Supreme Court of North Dakota.

Feb. 25, 2000.

Rehearing Denied March 30, 2000.

Shirley A. Dvorak, Moosbrugger, Dvorak & Carter, Grand Forks, for plaintiff and appellant.

Leslie Bakken Oliver, Vogel Law Firm, Bismarck, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Weston Berg appealed from an order dismissing an order to show cause against Brenda Berg. We affirm in part, reverse in part, and remand for further proceedings.

I

[¶ 2] Weston and Brenda Berg were divorced by a judgment dated January 22, 1999. The judgment awarded custody of the parties' two minor children to Weston and ordered Brenda to pay child support of $582 per month. Brenda was also ordered to pay one-half of the children's uninsured medical expenses and to advise the clerk of court of any changes in her employment status. Weston appealed from the judgment. In that appeal, we affirmed the judgment in part and reversed it in part, holding the trial court erred in failing to make specific findings to support its conclusion the presumption against permitting unsupervised visitation with a perpetrator of domestic violence had been rebutted and erred in ordering payment of the childrens' medical insurance premiums. *See Berg v. Berg*, 2000 ND 36, 606 N.W.2d 895.

[¶ 3] While that appeal was pending, Weston moved for an order to show cause seeking to hold Brenda in contempt for failure to comply with the judgment. An order to show cause was issued, and a hearing was held on May 18, 1999. The district court limited the issues in the contempt proceeding to Brenda's alleged failure to pay child support, failure to pay uninsured medical expenses, and failure to notify the clerk of court she had changed employers.

[¶ 4] The parties presented conflicting evidence on these issues, and Brenda testi-

fied she was currently employed at Bismarck Surgical Associates. The court allowed additional time after the hearing to receive delayed exhibits and written briefs from the parties. By the time the court issued its order in the contempt proceedings, an income withholding order for Brenda's $582 monthly child support plus an additional 20 percent to be applied toward arrearages had taken effect. The court in its order dated July 8, 1999, found Brenda was currently making payments on the arrearages under the income withholding order through her current employer, and therefore dismissed the order to show cause. The court denied Weston's request for costs and attorney fees. The court's order, however, did not address Brenda's alleged failure to pay uninsured medical expenses.

## II

[¶ 5] Weston argues reversal of the trial court's order is required because it did not resolve whether Brenda failed to pay one-half of the children's uninsured medical expenses, as required by the divorce judgment. We agree.

[¶ 6] Brenda's failure to pay uninsured medical expenses was clearly raised in the trial court, and both parties presented evidence on the issue. At the conclusion of the hearing the court expressly directed Brenda to provide, as a delayed exhibit, a "copy of evidence of payment of uncovered or non-insurance covered medical expenses paid or alleged to have been paid by the defendant Brenda M. Berg." Following the hearing, the court issued a written order on June 3, 1999, indicating the issue of payment of medical expenses would be considered by the court, and ordering Brenda to file a "[c]opy of money order for payment of medical expenses together with proof that the letter and money order were sent to [Weston]." Although this issue was clearly before the court, the subsequent order dismissing the contempt proceedings is wholly silent on the issue.

[¶ 7] Brenda argues there was evidence from which the court could have found she had complied with her obligation to pay medical expenses, and such a finding may be implied. However, the court's final order suggests the court did not consider the issue or intend to implicitly find Brenda had complied. The court's order states:

At the time of hearing upon said order to show cause, the Court determined that its jurisdiction was limited to the enforcement of child support, and failure to keep Clerk of Court advised as to the defendant's employment status. At the conclusion of said hearing, the Court granted the parties an opportunity to present delayed exhibits demonstrating the defendant's employment status, earning capacity, and evidence that the defendant informed the Clerk of Court as to the defendant's employment status.

The court at the hearing had not, however, limited evidence on the medical expenses issue, and expressly directed Brenda to provide a delayed exhibit on the issue. The court also issued a written order after the hearing indicating the issue of medical expenses was before the court and ordering Brenda to submit evidence.

[¶ 8] From this record, it is impossible to determine whether the court considered the issue or merely forgot about it. There is a direct conflict between the court's final order, which indicates payment of medical expenses was not before the court, and its statements at the hearing and in its June 3 written order. As we explain below, the determination whether contempt has been committed and remedial sanctions are warranted lies within the sound discretion of the trial court, and its decision will not be overturned on appeal absent an abuse of discretion. *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 5, 598 N.W.2d 499. When the record does not disclose the evidentiary or theoretical basis for the court's decision, we cannot properly perform our func-

tion as an appellate court. *Berg v. Berg*, 2000 ND 36, ¶ 10; *Emter v. Emter*, 1999 ND 102, ¶ 8, 595 N.W.2d 16. If we are unable to determine whether the court considered and resolved a critical issue, particularly when conflicting evidence has been presented, remand is necessary to afford the court an opportunity to resolve the issue. *See Evans v. Backes*, 437 N.W.2d 848, 850–51 (N.D.1989). Accordingly, we reverse the court's order and remand for further consideration and resolution of this issue.

### III

[¶ 9] Weston asserts that the trial court abused its discretion in failing to expressly find Brenda in contempt for failure to pay child support and failure to notify the clerk of court of her new employment.

[¶ 10] In a civil contempt proceeding under N.D.C.C. ch. 27–10, a complainant must clearly and satisfactorily show that the alleged contempt has been committed. *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 5, 598 N.W.2d 499; *Knoop v. Knoop*, 542 N.W.2d 114, 116 (N.D.1996). In order to warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order. *Flattum–Riemers*, at ¶ 5; *Knoop*, at 116. The ultimate determination of whether or not a contempt has been committed and remedial sanctions are warranted lies within the sound discretion of the trial court, and its decision will not be overturned on appeal unless there is a clear abuse of discretion. *Flattum–Riemers*, at ¶ 5; *Millang v. Hahn*, 1998 ND 152, ¶ 7, 582 N.W.2d 665. A trial court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Millang*, at ¶ 7.

[¶ 11] We find no abuse of discretion by the court in this case. At the time the court issued its order dismissing the contempt proceedings, the alleged contemptuous conduct had been remedied: Brenda had testified about her new employment, an income withholding order had issued for the monthly support plus arrearages, and payments were being made. Under these circumstances, it was within the court's discretion to determine whether a finding of contempt and sanctions were appropriate. The court is not required to make an explicit finding of contempt when no further remedy would result and the only purpose would be to taint the alleged contemnor. *See Lindvig v. Lindvig*, 385 N.W.2d 466, 473 (N.D. 1986).

[¶ 12] Weston asserted at oral argument that, if the court had found contempt, it could have ordered Brenda to pay Weston's costs and attorney fees for bringing the motion as a sanction under N.D.C.C. § 27–10–01.4(1)(a). The trial court in this case, however, had the authority to order Brenda to pay Weston's costs and attorney fees for bringing the motion, with or without a finding of contempt. *See* N.D.C.C. § 14–05–23. A trial court has continuing jurisdiction in divorce actions over post-judgment matters, including costs and attorney fees for those post-judgment matters. *Whitmire v. Whitmire*, 1999 ND 56, ¶ 13, 591 N.W.2d 126. The court in this case considered Weston's request for costs and attorney fees and denied it.[1]

[¶ 13] We conclude the court did not abuse its discretion in failing to specifically find Brenda in contempt of court.

### IV

[¶ 14] Weston requests an award of attorney fees for prosecuting this appeal.

---

1. Because we are remanding on the issue of payment of medical expenses, the trial court may reconsider the issue of costs and attorney fees on remand.

Although we have concurrent jurisdiction with the trial court to decide this issue, we prefer to have the issue addressed initially by the trial court because it is generally in a better position to assess the relevant factors. *Moilan v. Moilan,* 1999 ND 103, ¶ 36, 598 N.W.2d 81.

V

[¶ 15] We have considered other issues raised by the parties and find them to be without merit. The order dismissing the order to show cause is affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.

[¶ 16] DALE V. SANDSTROM, WILLIAM A. NEUMANN, and MARY MUEHLEN MARING, JJ., and RALPH R. ERICKSON, D.J., concur.

[¶ 17] RALPH R. ERICKSON, D.J., sitting in place of KAPSNER, J., disqualified.