2013 ND 245

**Shirley KRUEGER, Plaintiff and Appellee**

v.

**Albert KRUEGER, Defendant and Appellant.**

No. 20130129.

Supreme Court of North Dakota.

Dec. 19, 2013.

Micheal A. Mulloy (argued) and David R. Bliss (appeared), Bismarck, N.D., for plaintiff and appellee.

Thomas M. Jackson, Bismarck, N.D., for defendant and appellant.

MARING, Justice.

[¶1]   Albert Krueger appeals from trial court orders finding him in contempt of court for willfully failing to pay his spousal support obligation to Shirley Krueger and denying his motion to modify the divorce judgment.  We conclude the trial court did not err in refusing to eliminate Albert Krueger's spousal support obligation, did not err in finding Albert Krueger in contempt of court for failing to pay his court-ordered spousal support, and did not err in admitting evidence regarding alleged physical limitations imposed upon his ability to work.  We affirm.

I

[¶2]   Albert   Krueger   and   Shirley Krueger were married in 1970, and they were divorced in 2007.   In the divorce judgment, the trial court awarded Shirley Krueger permanent spousal support in the amount of $1,500 per month for ten years and $1,000 per month thereafter until she died or remarried.   Albert Krueger appealed the judgment, and this Court affirmed, upholding the spousal support award.  *Krueger v. Krueger,* 2008 ND 90, ¶¶ 6–12, 748 N.W.2d 671.

[¶3]   In April 2012, Shirley Krueger moved the trial court for an order to show cause for contempt and for an award of attorney's fees.   In her motion, she alleged Albert Krueger had failed to comply with the provisions of their 2007 divorce judgment, a 2008 order finding him in contempt of court, and the parties' 2009 stipulation, because he had not paid her spousal support for a number of months in 2011 and 2012.   Albert Krueger responded to her motion and moved for modification of his spousal support obligation.   Albert Krueger asserted that he was not in contempt of court because he was simply un-

able to pay the ordered spousal support and his spousal support obligation should be terminated based on his diminished income and his deteriorating health condition, including a 2011 implantation of a pacemaker and a diagnosis of diabetes.

[¶ 4] After an evidentiary hearing on the parties' motions, the court found Albert Krueger in contempt of court for willfully failing to pay his spousal support obligation and denied his motion to modify the divorce judgment. The court held Albert Krueger owed spousal support payments for nineteen and one-half months "(½ of August 2011 to March 2013) at the rate of $1500 per month," for a total arrearage of $29,250. The court ordered Albert Krueger to immediately resume paying Shirley Krueger spousal support of $1,500 per month, plus an additional $1,000 each month to be applied to the arrearage. The court also ordered him to pay Shirley Krueger $1,000 in attorney's fees.

## II

[¶ 5] Albert Krueger argues the trial court erred in refusing to eliminate his spousal support obligation. Shirley Krueger responds that the court did not err in denying his motion to terminate her permanent spousal support award because he failed to show a material change in circumstances.

[¶ 6] Section 14–05–24.1, N.D.C.C., provides: "Taking into consideration the circumstances of the parties, the court may require one party to pay spousal support to the other party for any period of time. The court may modify its spousal support orders." Under N.D.C.C. § 14–05–24.1, a trial court retains jurisdiction to modify spousal support awarded in an original divorce judgment. Our standard for reviewing a trial court's decision on a party's motion to modify a spousal support award is well-established:

When the original divorce judgment includes an award of spousal support, the district court retains jurisdiction to modify the award. The party seeking modification of spousal support bears the burden of proving there has been a material change in the financial circumstances of the parties warranting a change in the amount of support. The district court's determination whether there has been a material change in circumstances warranting modification of spousal support is a finding of fact and will be set aside on appeal only if it is clearly erroneous.

A material change is a change that substantially affects the financial abilities or needs of the parties and that was not contemplated by the parties at the time of the original decree. In assessing whether a material change has occurred, the reasons for changes in the parties' income or needs must be examined, as well as the extent to which the changes were contemplated by the parties at the time of the initial decree. Not every change in the parties' financial circumstances justifies modification of spousal support, and no modification is warranted when the change is self-induced.

*Schulte v. Kramer*, 2012 ND 163, ¶ 10, 820 N.W.2d 318 (quotation omitted).

[¶ 7] A trial court's decision regarding whether a material change in circumstances to warrant modifying spousal support has occurred presents a finding of fact, subject to the clearly erroneous standard of review. *Id.* at ¶ 15. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the entire record, we are left with a definite and firm conviction a mistake has been made. *Id.*

[¶ 8] Here, in deciding Albert Krueger had not met his burden of proof to show that a material change in circumstances had occurred to modify his spousal support obligation, the trial court found that Albert Krueger earned income from his tax accounting business and his cattle ranch and farming business, based on the personal tax returns for 2007 through 2011 that he submitted to the court. The court found the returns showed his tax business generated a gross annual income of over $120,000 and a net income more than adequate to pay his monthly spousal support obligations. The court found Albert Krueger, in fact, had sufficient income from the tax business to pay his spousal support in 2011 and 2012, but "simply chose to direct that income elsewhere."

[¶ 9] The trial court also found the tax returns showed Albert Krueger was losing money on his farm. The court found Albert Krueger testified he has 1,000 acres of crop land, but less than one-half was seeded and less than 100 acres of crop was harvested. The court found that, while Albert Krueger owns the land and machinery and paid the bills on the farm, he attributed the farm's financial losses to the farming decisions his son made while his son was managing the farm. However, the court also found that since Albert Krueger had removed his son from the farming operation in 2012, the farm should be able to return to a profitable business.

[¶ 10] In considering Albert Krueger's testimony stating that he would like to retire, the trial court nonetheless found he still had a financial interest in the tax business and could continue to operate the tax business. The court also found his health did not preclude him from pursuing the tax business and his "intended retirement" and health concerns were not material changes from what was anticipated when the parties divorced in 2007, suffi-

cient to justify modifying the spousal support award. The court explained:

Albert is quite adept at manipulating financial documents to his advantage. The fact that Albert has been able to complete financial documents in such a way that he qualifies for and receives public assistance is not conclusive proof of his inability to manage his resources in order to allow him to meet his obligation to pay spousal support.

A

[¶ 11] Albert Krueger argues there was no evidence that his future retirement was originally considered by the trial court in the divorce judgment. He asserts that he now suffers from a heart condition that limits his ability to work, that his son mismanaged the farm operation, and that the mismanagement and health concerns have affected his financial abilities as well as his financial needs. Albert Krueger asserts he is now limited to working 40 hours per week, rather than the 70 to 80 hours per week he had been working in his farming operation and accounting business. He contends the trial court erred by failing to consider the additional facts that had arisen since the initial divorce judgment.

[¶ 12] Albert Krueger further argues that, based on the evidence, he has shown a material change in circumstances by his decreased ability to pay the spousal support. He also contends the court erred in failing to consider evidence that Shirley Krueger's needs are overstated, while he has been relegated to obtaining food stamps to pay for his necessities of life. He argues the circumstances of the past several years have left him "nearly destitute and still owing significant monies" on his land even though he received land and his business in the divorce. He asserts that the land had not been able to produce

income because of the mismanagement by his son and that the accounting business is not as lucrative due to his reduced hours.

[¶ 13] Shirley Krueger responds, however, that Albert Krueger's future retirement and health concerns were, in fact, contemplated during the original divorce trial. She asserts this Court's prior decision in *Krueger*, 2008 ND 90, 748 N.W.2d 671, and his arguments in that appeal show his retirement and health concerns were actually considered in that case. Shirley Krueger also contends that, although Albert had a pacemaker inserted in 2011, he can still work 40 hours per week. She contends Albert Krueger's tax business generated a gross annual income and net income adequate to pay his monthly spousal support obligation and he had sufficient income from the tax business to pay spousal support. She also argues Albert Krueger has income-producing property that would satisfy his spousal support obligation, in that his real property could produce enough income from rentals after his retirement to satisfy the obligation. She asserts he is voluntarily putting himself into a situation where he would be unable to pay his spousal support obligation, and she still has the need for spousal support. She contends Albert Krueger's retirement is "speculative" and does not warrant termination of his spousal support.

[¶ 14] Based on our review of the record, although Albert Krueger provided some evidence of cash flow problems with his farming operations, it was not clear these were in fact long-term problems, considering that the farm had admittedly been mismanaged by their son, that only part of his farm land had been seeded, and that he had only recently removed his son from managing the farm operation. The trial court also found Albert Krueger's tax business generated net income sufficient to pay his monthly spousal support obligation

and he still owned income-producing property.

[¶ 15] While some of Albert Krueger's health problems may have been contemplated at the time of the divorce judgment, he has additional health problems. Nonetheless the record reveals that he still works at least 40 hours a week. Additionally, despite Albert Krueger's testimony he would like to retire, he was of retirement age at the time of the divorce judgment and still had not retired at the time of the evidentiary hearing in this case. Our opinion does not mean Albert Krueger may not seek modification of his spousal support obligation when he does retire; but rather, that the record in this case merely shows that he has not yet actually retired. Additionally, contrary to Albert Krueger's argument that Shirley Krueger's needs are overstated, there is evidence that she still has a need for the spousal support.

[¶ 16] We conclude that the trial court's decision finding no material change of circumstances was not induced by an erroneous view of the law and is supported by evidence. We are not left with a definite and firm conviction a mistake has been made, and we therefore conclude that trial court did not err in denying Albert Krueger's motion to eliminate his spousal support obligation.

B

[¶ 17] Albert Krueger argues that the trial court erred in finding him in contempt of court for failing to pay his court-ordered spousal support.

[¶ 18] We have discussed the applicable standards when a party seeks sanctions for contempt:

"A party seeking a contempt sanction under N.D.C.C. ch. 27–10 must clearly and satisfactorily prove the alleged contempt was committed. *Berg v. Berg,*

2000 ND 37, ¶ 10, 606 N.W.2d 903; *Flattum–Riemers v. Flattum–Riemers*, 1999 ND 146, ¶ 5, 598 N.W.2d 499. 'Under N.D.C.C. § 27–10–01.1(1)(c), "[c]ontempt of court" includes "[i]ntentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer." ' *Harger v. Harger*, 2002 ND 76, ¶ 14, 644 N.W.2d 182. 'To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order.' *Harger*, at ¶ 14; *see also Berg*, at ¶ 10; N.D.C.C. § 27–10–01.1(4).... Determining whether a contempt has been committed lies within the district court's sound discretion, which will not be overturned on appeal absent an abuse of that discretion. *Millang v. Hahn*, 1998 ND 152, ¶ 7, 582 N.W.2d 665. '[A] court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner or when it misinterprets or misapplies the law.' *Id.*"
*Sall v. Sall*, 2011 ND 202, ¶ 7, 804 N.W.2d 378 (quoting *Prchal v. Prchal*, 2011 ND 62, ¶ 5, 795 N.W.2d 693). "An inability to comply with an order is a defense to contempt proceedings, but the alleged contemnor has the burden to prove the defense." *Prchal*, 2011 ND 62, ¶ 5, 795 N.W.2d 693. Nonetheless, the trial court has "broad discretion in deciding whether to hold a person in contempt." *Woodward v. Woodward*, 2009 ND 214, ¶ 6, 776 N.W.2d 567 (quotation omitted). Our review of a trial court's contempt decision is therefore limited to whether the court abused its discretion. *See Glasser v. Glasser*, 2006 ND 238, ¶ 12, 724 N.W.2d 144.

[¶ 19] Albert Krueger argues the trial court erred in finding him in contempt of court for failing to pay his court-ordered spousal support. He maintains the evidence at the hearing revealed he was unable to pay the spousal support. Shirley Krueger contends, however, the court did not err because he willfully violated the court's order. Although disputed, there is evidence in the record supporting the trial court's findings of fact that Albert Krueger had sufficient income in 2011 and 2012 to pay spousal support and chose to direct income elsewhere. Despite evidence that Albert Krueger had losses in his farm business, qualified for certain governmental assistance, and was denied some loans, the trial court found not creditable Albert Krueger's assertions that he was unable to pay his obligation and found he had redirected income to other purposes. The court simply did not believe Albert Krueger established the "extreme poverty" that he argues on appeal exists.

[¶ 20] Based on our review of the record, we conclude that the trial court did not act in an arbitrary, unreasonable, or unconscionable manner, nor did it misinterpret or misapply the law. We therefore conclude the court did not abuse its discretion in holding Albert Krueger in contempt for failing to pay spousal support to Shirley Krueger.

## C

[¶ 21] Albert Krueger argues that the trial court erred in failing to consider evidence in letters from medical professionals regarding certain limitations about his ability to work. Shirley Krueger contends the court did not err by not considering evidence regarding his alleged work limitations because the evidence was hearsay.

[¶ 22] Under N.D.R.Ev. 801(c), hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Rule 802, N.D.R.Ev., generally provides that hearsay is inadmissible, except as provided by the rules or by statute. In re-

viewing a trial court's decision whether to admit evidence, this Court applies an abuse of discretion standard. *In re J.S.L.,* 2009 ND 43, ¶ 18, 763 N.W.2d 783. "The [trial] court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *State v. Schmidkunz,* 2006 ND 192, ¶ 15, 721 N.W.2d 387.

[¶ 23] Here, although Albert Krueger argues the trial court erred in failing to consider evidence regarding certain limitations on his ability to work, the court actually admitted the various letters from the medical professionals into evidence but stated on the record the evidence probably would not be considered, or may not be given weight, because the letters contained hearsay. We note this proceeding was an evidentiary hearing before the court without a jury. We have explained that the "introduction of allegedly inadmissible evidence in a non-jury case is rarely reversible error, and we would only reverse such a holding if 'all the competent evidence is insufficient to support the judgment or unless it affirmatively appears that the incompetent evidence induced the court to make an essential finding which would not otherwise have been made.'" *In re J.S.L.,* 2009 ND 43, ¶ 25, 763 N.W.2d 783.

[¶ 24] We conclude that, to the extent the medical evidence admitted into evidence constituted hearsay, the trial court did not abuse its discretion in admitting the letters into evidence, subject to limited consideration based on what weight to give the evidence.

### III

[¶ 25] We have considered the remaining arguments and conclude they are without merit or unnecessary to our decision. We affirm the orders.

[¶ 26] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM, and CAROL RONNING KAPSNER, JJ., concur.