MOORE, Judge.
Erik L. Milligan (“the father”) appeals from a judgment of the Madison Circuit Court (“the trial court”) to the extent that it modified his child-support obligation, ordered that Dannette Milligan (“the mother”) could claim all the parties’ children-as dependents for income-tax purposes, and ordered that his two oldest children, E.M. and L.M., would not be required to visit with him. We affirm in part and reverse in part.

Procedural History

The parties were divorced by a judgment of the trial court on March 16, 2009; that judgment incorporated a settlement agreement between the parties, which provided, among other things, that the marital home should be placed on the market for sale, that the parties were to continue to reside in the marital home with the children until the marital home sold, and that the father would pay the mortgage on the marital home until it sold. The parties were awarded joint legal and physical custody of the children, with the father’s custodial periods including every other weekend, every Thursday, and alternating holidays. The father was ordered to pay child support in the amount of $1,250 per month after the marital home sold; he was allowed to claim the two oldest children as dependents for income-tax purposes, and the mother was allowed to claim the parties’ youngest child, C.M., for income-tax purposes. Each party was ordered to be responsible for one-half of the children’s medical expenses and expenses for extracurricular activities.
On February 18, 2011, the State of Alabama, on behalf of the mother, filed a petition to modify the father’s child-support obligation. The mother, through her own counsel, subsequently filed an amended petition to request additional relief, including a change in custody. After a trial, the trial court entered a judgment on December 31, 2012, stating, in pertinent part:
“[Although the Court encourages the parties’ daughters, E.M. and L.M. to maintain a relationship with their Father ..., the minor daughters shall not be required to attend the physical custody periods with their Father due to their age, activities, and school-related commitments.
[[Image here]]
“The Court finds that there has been a substantial change in circumstance since the entrance of the Final Decree in this cause in that neither the [father] nor the [mother] nor the minor children still reside in the marital residence. Although the marital residence has not been sold in compliance with the original agreement, the house has also not been on the market for sale. Therefore, the Court finds that the [father] shall pay to the [mother] the sum of ONE THOUSAND THREE HUNDRED EIGHTY ONE AND 00/100 DOLLARS ($1,381) per month for the support and maintenance of the parties’ minor children.
“In compliance with the guidelines, the [mother] shall have the right to claim all three (3) of the parties’ minor children on her State and Federal income taxes each and every year for so long as the minor children are eligible for her to do so.”
The judgment further ordered the mother to pay one-half of the monthly mortgage payments on the marital home prospectively.
On January 14, 2013, the father filed a postjudgment motion; that motion was de *626 nied on February 25, 2013. The father filed his notice of appeal on April 5, 2013.

Discussion

On appeal, the father first argues that the trial court exceeded its discretion in modifying his child-support obligation.[1]
The evidence indicates that, when they divorced, the parties continued to reside together with their three children in the marital home. Based on those circumstances, the parties agreed that the father would continue paying the mortgage indebtedness on the marital home, that no child support would be paid by the father unless and until the marital home was sold, and that, upon the sale of the marital home, the father would pay the mother $1,250 per month as child support. Their agreement deviated from Rule 32, Ala. R. Jud. Admin., both by making child support contingent on the sale of the marital home and by establishing an amount of child support exceeding the amount dictated by the child-support guidelines. See Rule 32(A)© and (A)(1) (authorizing deviation from child-support guidelines based on fair agreement of the parties and their sharing of custody of children).
In Duke v. Duke, 872 So.2d 153 (Ala.Civ.App.2003), this court held that, when a trial court ratifies an agreement to deviate from the Rule 32 child-support guidelines, that agreement may be modified upon a showing of a substantial and continuing material change from the circumstances that had resulted in the initial deviation. For the purposes of modifying child support, “ ‘[factors indicating a change of circumstances include a material change in the needs, conditions, and circumstances of the child.’ ” Duke, 872 So.2d at 156 (quoting State ex rel. Shellhouse v. Bentley, 666 So.2d 517, 518 (Ala.Civ.App.1995)). The parent seeking the modification bears the burden of proof. Cunningham v. Cunningham, 641 So.2d 807, 809 (Ala.Civ.App.1994).
“Whether circumstances justifying modification of support exist is a matter within the trial court’s discretion. [Cunningham v. Cunningham, 641 So.2d 807 (Ala.Civ.App.1994).] We will not disturb the trial court’s decision on appeal unless there is a showing that the trial court abused that discretion or that the judgment is plainly and palpably wrong. Id.; Douglass v. Douglass, 669 So.2d 928, 930 (Ala.Civ.App.1995).”
Romano v. Romano, 703 So.2d 374, 375 (Ala.Civ.App.1997).
The trial court specifically found that a material change in circumstances had occurred since the entry of the divorce judgment because the parties and the children had moved out of the marital home. We agree. So long as the children remained living in the marital home, the payment of the mortgage indebtedness satisfied their shelter needs. After they moved out in 2010 to live primarily with the mother, the mortgage payments on the marital home no longer inured to the benefit of the children.[2] The father implicitly recognized that fact when, after the parties rented the *627 marital home to another couple, the father agreed to give the entire rental proceeds of $1,000 per month to the mother as child support. Once the rental payments ceased in accordance with the terms of the rental contract, the father was no longer providing any regular funds toward the shelter and other needs of the children,[3] and the mother had to move for a modification of the divorce judgment in order to obtain child support to meet those needs.
Having correctly determined that the circumstances that led to the parties’ original agreement had materially changed, the trial court ordered the father to pay child support according to the Rule 32 guidelines, retroactive to the date the mother filed her modification petition, and credited the father for the $1,000 per month in rental receipts he had previously paid to the mother. The father does not challenge those rulings, but he does argue that the trial court acted inequitably in failing to order the mother to pay one-half of the mortgage indebtedness on the marital home retroactively to the date she filed her modification petition. We note, however, that the father did not raise this argument to the trial'court, and, thus, we cannot consider it. See Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992) (“This Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.”).[4] Thus, we affirm the judgment to the extent that it modifies the father’s child-support obligation.
The father next argues that the trial court erred in ordering that E.M. and L.M. would not be required to visit with him.[5]
“We note that the trial court has broad discretion when determining visitation rights and that its judgment must be affirmed unless it is unsupported by the evidence. Watson v. Watson, 555 So.2d 1115 (Ala.Civ.App.1989). The trial court is to consider the best interest and welfare of the child in determining visitation rights for a noncustodial parent. Id
“Furthermore, though it is an exceptional ease, there are circumstances where it is reasonable and in the best interests of the child not to be required to visit a non-custodial parent because of the child’s unwillingness or fear; however, it is an extreme decision that restricts an otherwise relatively qualified parent from visiting his child. Id”
Clark v. Blackwell, 624 So.2d 610, 611 (Ala.Civ.App.1993).
“ ‘The natural and proper relationship of a parent and child should be nurtured, encouraged and protected by the court after the breakdown of a marriage. No unreasonable impediment should be raised.... *628 “ ‘. The responsibility for the cultivation of that relationship should rightfully be upon the father, and the mother, not upon the child. To so ■ place it is to probably destroy it, not protect it.’
“Moore v. Moore, 57 Ala.App. 735, 331 So.2d 742, 744 (Ala.Civ.App.1976); see also Parker v. Parker, 269 Ala. 299, 303, 112 So.2d 467, 471 (1959) (reversing a judgment placing visitation at the discretion of the child and stating that ‘a decision as to what is best for the child’ should be made by the trial court rather than the child).”
H.H.J. v. K.T.J., 114 So.3d 36, 44 (Ala.Civ. App.2012).
The mother testified that E.M. and L.M., who at the time of trial were 18-year-old and 14-year-old girls, respectively, did not mind visiting the father but preferred not to stay overnight with him. She testified that the girls were involved in activities and had active social lives and that the father would not drive the 50 miles required to get them to their activities. She also testified that the father’s 'house has only two bedrooms, so the girls are required to share a bedroom with C.M., their younger brother, as well as their stepbrother. The father, however, testified that the children’s stepbrother had actually slept in the living room when he and the girls had been at the father’s house at the same time, and, according to the father, the stepbrother was no longer spending the night at the father’s house. The father testified that the children visit him regularly but that he does not force them to visit him when there is an activity scheduled in which they want to participate.
With regard to E.M., there is no evidence indicating that she has refused to visit the father altogether, as was the case in Shires v. Shires, 494 So.2d,102, 103-04 (Ala.Civ.App.1986) (affirming judgment refusing visitation rights to father of 18-year-old son). The evidence indicates only that E.M. does not want to stay overnight with the father and does not want to miss her activities. We conclude that the trial court could have ameliorated that concern by placing specific restrictions on the father’s visitation with E.M. instead of leaving visitation completely to her discretion. See, e.g., Lee v. Lee, 49 So.3d 211, 214 (Ala.Civ.App.2010) (“[A] trial court may not ‘select! ] an overly broad restriction that does more than address a particular concern and thereby unduly infringe! ] upon the parent-child relationship.’ ” (quoting Jackson v. Jackson, 999 So.2d 488, 494-95 (Ala.Civ.App.2007))).
With regard to L.M., in H.H.J. this court held that it was not in the best interest of a 15-year-old child to be able to determine when that child would visit with the noncustodial parent absent extreme circumstances. 114 So.3d at 44. Similarly, in the present case, we conclude that it is not in the best interest of L.M. to allow her to determine whether she visits with the father, especially considering that measures less invasive to the parent-child relationship are available and should be adopted.
Based on the foregoing, we conclude that the trial court exceeded its discretion in allowing E.M. and L.M. to determine whether they would visit the father. We therefore reverse the trial court’s judgment on that point and remand this cause for the trial court to enter an order awarding the father specific visitation with E.M. and L.M. We note that the trial court is free to place restrictions on one or both of the daughters’ visitation so long as they are ñarrowly tailored to address any concerns regarding their best interests.
The mother’s request for the award of attorney fees on appeal is denied.
*629 AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The father tangentially asserts that the trial court erred in modifying the divorce judgment to allow the mother to claim all three children as dependents for income-tax purposes, but he does not develop any legal argument on that point, so we consider it to be waived. See White Sands Grp., L.L.C. v. PRS II, LLC, 998 So.2d 1042, 1058 (Ala.2008) ("Rule 28(a)(10)[, Ala. R. App. P.,] requires that arguments in briefs contain discussions of facts and relevant legal authorities that support the party's position. If they do not, the arguments are waived.”).

. The father had moved out of the marital home in 2009, so the children did not stay in the marital home during his custodial periods.

. The record indicates that the father did make sporadic payments toward the children’s medical and extracurricular bills.

. Moreover, it appears that the trial court may have impermissibly modified the parties’ property-settlement agreement, which required the father to pay the entire mortgage indebtedness, see McCreless v. Valentin, 121 So.3d 999, 1004-05 (Ala.Civ.App.2012) (holding that court cannot modify property settlement, except to correct clerical errors, more than 30 days after entry of final judgment), and that the modification actually benefited the father. See Rule 45, Ala. R.App. P. (providing that judgment may be reversed by appellate court only if substantial rights of appellant have been impaired).