2014 ND 70

**Christopher Herbert LIND, Plaintiff and Appellant**

v.

**Karla Lynette LIND, Defendant and Appellee.**

**No. 20130296.**

Supreme Court of North Dakota.

April 8, 2014.

Christopher H. Lind, self-represented, Horace, ND, plaintiff and appellant.

Anna Krystine Schultz (argued) and Robert J. Schultz (on brief), Fargo, ND, for defendant and appellee.

VANDE WALLE, Chief Justice.

[¶ 1] Christopher Lind appealed from an amended judgment granting his motion to modify child support, denying his motion to modify spousal support, and denying his motion to find Karla Lind, his former wife, in contempt. We conclude the district court did not err in denying Christopher's motion to modify spousal support, did not err in denying his motion to find Karla in contempt, and did not err in refusing to extend Christopher credit toward his support obligations from the sale of a lawn tractor. We affirm.

I

[¶ 2] Christopher and Karla were divorced in a judgment entered in March 2011, after the parties reached a stipulated settlement. Karla was awarded primary residential responsibility of the parties' two minor children, subject to Christopher's right of parenting time. Christopher was also ordered to pay Karla $2,000 per month for child support and $1,500 per month for spousal support.

[¶ 3] In March 2012, Christopher filed a motion for post-judgment relief in the district court seeking modification of spousal support and child support, requesting the court to find Karla in contempt for denying access to the two minor children, and seeking to apply the proceeds from a lawn tractor sold by Karla to credit his support obligations. Karla resisted the motion and sought attorney's fees.

[¶ 4] Following a hearing, a memorandum opinion and order was issued on August 10, 2012. The memorandum opinion and order granted Christopher's request to modify his child support payments, but denied his request to modify the spousal support payments, denied his motion to hold Karla in contempt, and denied his request to have the proceeds of the lawn tractor sale applied to his support obligations. The court granted Karla's motion for attorney's fees. An amended judgment was entered September 5, 2012. A notice of entry of amended judgment and notice of entry of order for attorney's fees were served on September 12, 2012.

[¶ 5] Christopher filed a motion for reconsideration and a motion for correction on October 10, 2012. The motions were stayed due to Christopher's filing for bankruptcy. Following the bankruptcy proceedings, a hearing was held in June 2013. The district court entered an order granting Christopher's October 10 motion

for reconsideration with respect to the issue of the commencement date for the modified child support. The court denied Christopher's request to modify the spousal support and also denied his request to credit the sale of the lawn tractor to his support obligations. The court also entered an order granting the October 10 motion for correction in part. Christopher appealed to this Court on September 6, 2013.

## II

[¶ 6] Before reaching the substantive issues, Karla argues Christopher's appeal should be denied in all respects because his October 10, 2012 motion for reconsideration to the district court was untimely. This Court has previously stated that "[a] motion for reconsideration is not a formally recognized motion and is not one of the enumerated appealable orders listed in N.D.C.C. § 28–27–02." *Waslaski v. State,* 2013 ND 70, ¶ 7, 830 N.W.2d 228. Nevertheless, this Court has treated motions for reconsideration as either a motion to alter or amend a judgment under N.D.R.Civ.P. 59(j). *Waslaski,* 2013 ND 70, ¶ 7, 830 N.W.2d 228. Under N.D.R.Civ.P. 59(j), a motion to alter or amend a judgment must be served and filed no later than twenty-eight days after notice of entry of the judgment.

[¶ 7] Karla argues Christopher's motion for reconsideration filed on October 10 was more than twenty-eight days after the memorandum opinion and order issued on August 10, 2012. However, an amended judgment was entered September 6, 2012 and the notice of entry of the amended judgment was served on September 12, 2012. Christopher's motion for reconsideration on October 10 is within twenty-eight days of September 12, the date the amended judgment was served. Karla also argues Christopher did not file a no-

tice of appeal to this Court within sixty days of the August 10, 2012 memorandum opinion. However, a second amended judgment was entered on July 23, 2013, and Christopher filed his notice of appeal to this Court on September 6, 2013. Christopher's appeal is timely. *See* N.D.R.App.P. 4(a).

## III

[¶ 8] Christopher argues the court erred in denying his motion to modify spousal support. This Court's standard of review of a trial court's decision on a motion to modify spousal support is well-established:

> When the original divorce judgment includes an award of spousal support, the district court retains jurisdiction to modify the award. The party seeking modification of spousal support bears the burden of proving there has been a material change in the financial circumstances of the parties warranting a change in the amount of support. The district court's determination whether there has been a material change in circumstances warranting modification of spousal support is a finding of fact and will be set aside on appeal only if it is clearly erroneous. A material change is a change that substantially affects the financial abilities or needs of the parties and that was not contemplated by the parties at the time of the original decree. In assessing whether a material change has occurred, the reasons for changes in the parties' income or needs must be examined, as well as the extent to which the changes were contemplated by the parties at the time of the initial decree.

*Schulte v. Kramer,* 2012 ND 163, ¶ 10, 820 N.W.2d 318. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if there is no evidence to support it, or if, after review of the entire

record, we are left with a definite and firm conviction a mistake has been made." *Krueger v. Krueger*, 2013 ND 245, ¶ 7, 840 N.W.2d 613.

[¶ 9] Both the judicial referee and the district court found that Christopher failed to pay child and spousal support. The referee specifically determined that Christopher had the ability to comply with the financial requirements contained in the parties' divorce judgment. Similarly, the district court found there has not been a material change of financial circumstances. The court stated, "[e]ven if there was a material change of financial circumstances, Chris has the ability to pay spousal support and there was no testimony that Karla is not in need of the spousal support." The court found he was living in the marital home and paying no expenses living there, working full time at one job and part-time at another job, and had funds to pay for skeet shooting.

[¶ 10] Christopher argues there has been a material change in circumstances because his construction business has closed and he has filed for bankruptcy. He also claims he makes less money now and is forced to work sixty hours a week. He alleges he is unable to afford his support obligations. The district court noted that, at the time of the divorce, Christopher's construction business was losing money and was forced to close in January 2012. The court also found, "[i]f anything, Chris' earning ability has improved since he took an hourly job."

[¶ 11] This Court has indicated that stipulated spousal support awards should be changed only with great reluctance. *Schulte*, 2012 ND 163, ¶ 13, 820 N.W.2d 318. Here, the parties were divorced in a judgment entered after they reached a stipulated settlement that provided, among other things, that Christopher agreed to pay Karla $1,500 per month in spousal support. Given our reluctance to modify such agreements, and in light of the evidence before the referee and the district court, we conclude the district court's decision finding no material change in circumstances was not induced by an erroneous view of the law and is supported by the evidence in the record.

## IV

[¶ 12] Christopher argues the court erred in denying his motion to find Karla in contempt. "[T]he determination whether contempt has been committed and remedial sanctions are warranted lies within the sound discretion of the trial court, and its decision will not be overturned on appeal absent an abuse of discretion." *Berg v. Berg*, 2000 ND 37, ¶ 8, 606 N.W.2d 903. A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law. *Krueger*, 2013 ND 245, ¶ 18, 840 N.W.2d 613. "To warrant a remedial sanction for contempt, there must be a willful and inexcusable intent to violate a court order." *Id.* Under N.D.C.C. § 27–10–01.1(1)(c), contempt of court includes intentional disobedience, resistance, or obstruction of the authority, process, or order of a court or other officer. *Prchal v. Prchal*, 2011 ND 62, ¶ 5, 795 N.W.2d 693. "In a civil contempt proceeding under N.D.C.C. ch. 27–10, a complainant must clearly and satisfactorily show that the alleged contempt has been committed." *Berg*, 2000 ND 37, ¶ 10, 606 N.W.2d 903.

[¶ 13] Christopher argues Karla is in contempt for failing to allow him to see the children and for failing to attend co-parenting therapy. Karla testified that she has done nothing to adversely impact the parenting time Christopher has with the children. The district court found, "Karla has not interfered with Chris' parenting

time. The children are 16 and 17 years of age, and both wish to see their father on their own terms, rather than being forced to see their father. Karla has not refused to attend co-parenting classes at Solutions." Additionally, the court found the two minor children did not want to attend counseling, they did not want to be forced to visit their father, and that each child made that decision through his own volition.

[¶ 14] In the context of visitation enforcement and modification actions, we have held that district courts may not rely solely on the child's wishes, however, the child's wishes are a relevant consideration in the best interests of the child analysis. *Krueger v. Krueger*, 2011 ND 134, ¶ 13, 800 N.W.2d 296. In *Dufner*, this Court affirmed the modification of a visitation order after looking at, among other things, the preferences of the teenage children. *Dufner v. Trottier*, 2010 ND 31, ¶ 10, 778 N.W.2d 586. The district court found the children were frustrated with the incessant bickering between their parents over the visitation schedule. *Id.* We also noted the record reflected the children preferred to live with their father because his home was closer to their school and friends, and that the children increased their participation in after-school sports and weekend extracurricular activities. Based on these material changes, we concluded the court did not err in reducing the mother's visitation. *Id.* at ¶ 10; *see also Krueger*, 2011 ND 134, ¶ 17, 800 N.W.2d 296 (holding the district court acted within its discretion in denying the father's motion to enforce a visitation schedule where his teenage son vehemently opposed visitation and there had been a previous physical altercation between the father and son); *but see Milligan v. Milligan*, —— So.3d ——, No. 2120574, 2014 WL 783504 at *4 (Ala.Civ. App.2014) (holding the trial court abused its discretion when it allowed teenage children to determine whether they would visit their father).

[¶ 15] At the hearing, G.L., who was sixteen at the time of his testimony, stated he did not like seeing his father and that he did not feel close to his father. G.L. also testified that if his mother told him to visit his father, he probably would not go. G.L. is now seventeen. A.L., who is no longer a minor, testified he and his brother made the decision not to visit their father on their own. G.L. and A.L. each similarly testified that their relationship with their father was tense and that they did not feel comfortable around him. The testimony also indicated that each child had his own vehicle and could drive a short distance to their father's residence if they desired to visit with him. A.L. testified his mother supported the children's decision whether they wanted to visit their father or not.

[¶ 16] Under this Court's standard of review, we conclude the district court did not abuse its discretion in denying Christopher's motion to find Karla in contempt. There is no indication in the record that Karla acted with a willful and inexcusable intent to violate a court order. The evidence in the record reflects that the lone remaining minor child, who is on the cusp of adulthood, does not want to be forced to visit his father. We find nothing in the record to suggest that Karla is willfully or intentionally keeping the child away from Christopher, or that she is encouraging the child to forsake his father. Our review of the issue is limited to whether the district court abused its discretion in denying Christopher's motion to find Karla in contempt, not whether it erred in relying on the wishes of the children. The district court's decision to deny Christopher's motion was not arbitrary, unreasonable, or unconscionable, and was not a misinterpretation or misapplication of the law.

## V

[¶ 17] Christopher argues the district court erred in taking away his parental rights. Karla argues the district court did not take away or terminate Christopher's parental rights. Based on our review of the record, Christopher's parental rights have not been terminated. This issue has no substantive merit.

## VI

[¶ 18] Christopher argues the court erred in refusing to give him credit toward his support obligations from the sale of a lawn tractor. A district court's valuation and division of marital property is reviewed under the clearly erroneous standard of review. *Kostelecky v. Kostelecky*, 2006 ND 120, ¶ 8, 714 N.W.2d 845. A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, there is no evidence to support it, or this Court is left with a definite and firm conviction a mistake has been made. *Id.* "A choice between two permissible views of the evidence is not clearly erroneous if the trial court's findings are based either on physical or documentary evidence, or inferences from other facts, or on credibility determinations." *Id.*

[¶ 19] The district court found, following the divorce, Karla sold a lawn tractor that may have been an asset of Christopher's construction business. The court found, "Karla did not know the tractor was an asset of CLCH, as the tractor had always been used as a piece of household equipment, presumably personal property awarded to her in the divorce." The court also determined, "the tractor was never used anywhere but at the parties' home. The Court finds no wrong doing on Karla's part, as it appeared to her that the tractor was personal property awarded to her in the divorce."

[¶ 20] The evidence in the record indicates that the lawn tractor was used exclusively at the marital home. Christopher testified the lawn tractor was used solely at the home to mow the lawn, even though the tractor was an asset of his construction business. Karla testified that when they bought the lawn tractor, they traded in their previous model and that "[i]n no way, shape or form did I know [the lawn tractor] went to Chris Lind Custom Homes. It never left the property, and I was the only one to use that lawnmower the whole time we had it. And it never left." Given this evidence, we conclude the district court's determination not to credit Christopher for the sale of the lawn tractor is supported by the record. Given the two permissible views of the evidence, the court's division of the tractor proceeds does not appear clearly erroneous.

## VII

[¶ 21] We affirm the judgment.

[¶ 22] WILLIAM A. HERAUF, D.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and CAROL RONNING KAPSNER, JJ., concur.

[¶ 23] The Honorable WILLIAM A. HERAUF, D.J., sitting in place of McEVERS, J., disqualified.