Filed 7/1/15 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2015 ND 171

Kelly Marie Votava, Plaintiff

v.

Andrew Charles Votava, Defendant and Appellant

No. 20140460

Appeal from the District Court of Walsh County, Northeast Judicial District, the Honorable Lee A. Christofferson, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

Opinion of the Court by McEvers, Justice.

Kelly M. Votava, plaintiff; no appearance.

Patti J. Jensen, P.O. Box 386, East Grand Forks, Minn. 56721-0386, for defendant and appellant.

Votava v. Votava

No. 20140460

McEvers, Justice.

[¶1] Andrew Votava appeals from a district court order denying his request to hold Kelly Votava in contempt and modifying his parenting time.  We conclude the district court did not abuse its discretion by refusing to find Kelly Votava in contempt, but we conclude the court erred in modifying Andrew Votava’s parenting time without a motion or notice.  We affirm in part and reverse in part.

I

[¶2] Andrew and Kelly Votava were divorced in 2009.  Kelly Votava was awarded primary residential responsibility for the parties’ two minor children, and Andrew Votava received reasonable and liberal parenting time.  In 2010, Andrew Votava moved to establish summer parenting time.  The district court entered an ordered clarifying parenting time and setting a parenting time schedule giving Andrew Votava parenting time every other weekend, one weeknight on the weeks he does not have weekend parenting time, and extended parenting time during the summer.  

[¶3] On October 10, 2014, Andrew Votava moved for an order to show cause, alleging Kelly Votava denied his scheduled parenting time on September 18, 2014; September 21, 2014; September 26-28, 2014; and October 2, 2014.  The district court entered an order to show cause and notified the parties about the time and place for the contempt hearing.  On December 9, 2014, Kelly Votava sent the court a letter, explaining she was not represented by an attorney and requesting the court allow the children to testify at the hearing.  The court sent a copy of the letter to Andrew Votava.  A contempt hearing was held on December 11, 2014, and Kelly Votava and the parties’ children testified. 

[¶4] On December 16, 2014, the district court denied Andrew Votava’s request to hold Kelly Votava in contempt, finding “[t]here is no basis that Kelly acted willfully and with inexcusable intent to violate the court order.”  The court also found the children are 12 and 14 years old and it is nearly impossible for Kelly Votava to force them to see their father.  The court ordered there would be no “forced” weekday or weekend parenting time, the extended summer parenting time was “discontinued,” and Andrew Votava “may request parenting time with his children, but these older children are empowered to agree or disagree to spend time with him.”  

II

[¶5] Andrew Votava argues the district court abused its discretion when it did not hold Kelly Votava in contempt.  He claims the evidence does not support the court’s decision.

[¶6] 
A district court has broad discretion in deciding whether to hold a person in contempt, and the court’s decision will not be reversed on appeal unless there is a clear abuse of discretion.  
Rath v. Rath
, 2014 ND 171, ¶ 10, 852 N.W.2d 377.  A court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law.  
Lind v. Lind
, 2014 ND 70, ¶ 12, 844 N.W.2d 907.

[¶7] Contempt includes the intentional disobedience, resistence, or obstruction of the authority, process, or order of a court.  N.D.C.C. § 27-10-01.1(1)(c).  A party seeking a contempt sanction under N.D.C.C. ch. 27-10 has the burden to clearly and satisfactorily show the alleged contempt has been committed.  
Lind
, 2014 ND 70, ¶ 12, 844 N.W.2d 907. 
 To warrant a remedial contempt sanction, the moving party must show a willful and inexcusable intent to violate a court order.  
Rath v. Rath
, 2014 ND 171, ¶ 6, 852 N.W.2d 377.

[¶8] At the end of the contempt hearing, the district court announced it was not holding Kelly Votava in contempt and made findings about the contempt allegations, explaining:

The issue before the Court is whether the mother is in contempt for failing to comply with the parenting plan and . . . the parenting time of the father.  From the testimony, I find there has really been no discouraging of the children visiting their father.  It is almost impossible, at their age, to force them to make the visit.  That’s possible with younger children but with older children it’s not without some kind of physical altercation which might involve as much as the police. There’s no willful or intentional discouraging of [parenting time] and the mother has not encouraged the children to forsake their father.  So there's no holding of contempt on the mother.  

In the December 16, 2014, order, the court found the children testified they do not want to spend time with their father and Kelly Votava testified Andrew Votava should “show up” for parenting time even if the children do not go.  The court denied the request to hold Kelly Votava in contempt, finding there was no basis that she acted willfully and with inexcusable intent to violate the court order.  

[¶9] Both children testified they do not want to spend time with their father.  The older child testified their father often sends her a text message before the ordered parenting time and he will not pick her and her brother up for the parenting time if she indicates she does not want to see him.  She also testified there were times her father did not send her a text message and he did not pick them up for the parenting time.  Kelly Votava testified Andrew Votava does not attempt to pick up the children for parenting time if the children tell him they do not want to go.  She testified that she encourages the children to visit with their father but they refuse.  

[¶10] The record supports the district court’s findings that Kelly Votava did not intentionally violate a court order.  On this record and under our standard of review, we conclude the district court did not act in an arbitrary or unreasonable manner and it did not abuse its discretion by refusing to hold Kelly Votava in contempt.

III

[¶11] Andrew Votava argues the district court erred in modifying the judgment establishing his parenting time without a motion before it.  He claims the court modified the judgment by eliminating all of his ordered parenting time, neither party moved to modify parenting time, the contempt hearing was held to address the parenting time he alleged he was denied, he was not provided with notice the court was considering modifying parenting time, and he did not have an opportunity to present evidence on the issue. 

[¶12] 
The district court found the current parenting plan was unworkable because of the dysfunctional relationships, the children experience significant distress from parenting time with their father, the children are sufficiently mature to voice their opinion on parenting time, and it is nearly impossible for the mother to force the children to see their father.  The court found:

7. Under 14-05-22 NDCC, the Court may give direction about parenting time that will be beneficial to the children.

8. There has been a material change of circumstances and it is in the best interests of these children that the parenting plan be modified.

9. The case law supports a modification of the parenting plan.

The court ordered there will be no “forced” weekday and weekend parenting time, the extended holiday and summer parenting time is “discontinued,” and Andrew Votava may request parenting time with the children but the children may agree or disagree to spend time with him.  

[¶13] “In an action for divorce, the court, before or after judgment, may give direction for parenting rights and responsibilities of the children of the marriage and may vacate or modify the same at any time.”  N.D.C.C. § 14-05-22(1).  Section 14-

05-22, N.D.C.C., grants a district court continuing jurisdiction to modify parenting time after entry of the initial divorce judgment.  
Hoverson v. Hoverson
, 2015 ND 38, ¶ 12, 859 N.W.2d 390.  Parenting time modifications are governed by N.D.C.C. § 14-

05-22(2) and standards set forth in case law.  
Rath
, 2014 ND 171, ¶ 13, 852 N.W.2d 377.  Section 14-05-22(2), N.D.C.C., provides “the court, upon request of the other parent, shall grant such rights of parenting time as will enable the child to maintain a parent-child relationship that will be beneficial to the child . . . .”  “‘To modify [parenting time], the moving party must demonstrate a material change in circumstances has occurred since entry of the previous [parenting time] order and that the modification is in the best interests of the child.’”  
Rath
, at ¶ 13 (quoting 
Prchal v. Prchal
, 2011 ND 62, ¶ 11, 795 N.W.2d 693).

[¶14] The district court has continuing jurisdiction to modify parenting time; however, due process requires a party receive adequate notice and a fair opportunity to be heard.  
Rath
, 2014 ND 171, ¶ 14, 852 N.W.2d 377.  “‘[T]o comport with due process, a fair hearing requires reasonable notice or opportunity to know of the claims of opposing parties, along with the opportunity to rebut those claims.’”  
Id.
 (quoting 
Harris v. Harris
, 2010 ND 45, ¶ 10, 779 N.W.2d 642).

[¶15] In this case, neither party moved to amend the divorce judgment and modify parenting time.  The district court modified the previously ordered parenting time, ordering there will be no “forced” weekday and weekend parenting time and the extended parenting time for holidays and summers was  “discontinued.”  A district court may clarify a divorce judgment if the judgment is “vague, uncertain, or ambiguous.”  
Rath
, 2014 ND 171, ¶ 15, 852 N.W.2d 377.  The district court did not clarify the judgment; rather, it modified the ordered parenting time after the contempt hearing.  Neither party moved to modify Andrew Votava’s parenting time, and he was not provided with adequate notice and a fair opportunity to be heard on the issue.  Furthermore, the court may not rely solely on the child’s wishes in visitation enforcement and modification actions, but the child’s wishes and evidence of parental alienation are factors that may be considered in the best interest of the child analysis.  
See
 
Lind v. Lind
, 2014 ND 70, ¶ 14, 844 N.W.2d 907; 
Loll v. Loll
, 1997 ND 51, ¶¶ 15-16, 561 N.W.2d 625; 
see also
 
Milligan v. Milligan
, 149 So.3d 623, 628 (Ala. Civ. App. 2014) (holding that under the circumstances the trial court abused its discretion when it allowed teenage children to determine whether they would visit their father). 

[¶16] We conclude the district court exceeded the scope of the contempt motion by modifying Andrew Votava’s parenting time.  We reverse the portion of the court’s order modifying Andrew Votava’s parenting time.

IV

[¶17] We have considered the remaining issues raised in the appeal and conclude they are either without merit or are unnecessary to our decision.  The district court’s order is affirmed in part and reversed in part. 

[¶18] Lisa Fair McEvers

Daniel J. Crothers

Dale V. Sandstrom

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J.